# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

SANTOS ROSALES-MARTINEZ,

   Petitioner,

vs.

NICK LUDWICK, Warden

   Respondent.

No. 13-CV-4044-DEO

**INITIAL REVIEW ORDER**

## I. BACKGROUND

Currently before the Court is the Petition for Writ of Habeas Corpus filed by Santos Rosales-Martinez [hereinafter Mr. Rosales-Martinez]. Mr. Rosales-Martinez is currently incarcerated at the Iowa State Penitentiary pursuant to a conviction for Second Degree Sexual Abuse. Docket No. 1, p. 1; See also State v. Rosales-Martinez, 666 N.W.2d 621 (Iowa Ct. App. 2003).

On May 13, 2013, Mr. Rosales-Martinez filed a pro se petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus in the Southern District of Iowa. Docket No. 1. The filing fee for a Writ of Habeas Corpus is $5, which Mr. Rosales-Martinez paid (28 U.S.C. § 1914(a)). Mr. Rosales-Martinez also included an application for appointment of counsel.

On May 14, 2013, Senior District Court Judge Harold D. Vietor entered an Order transferring this case to the Northern District of Iowa. See Docket No. 2. This Court received the case the next day, on May 15, 2013.

## II. ANALYSIS

### A. Initial Review Standard

Rule 4 of the Rules Governing Section 2254 cases provides that the court shall conduct an initial review of the petition for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." See Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. See id.; 28 U.S.C. § 2243; Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993) (explaining that "Rule 4 enables the district court to dismiss a petition summarily, without reviewing the record at all, if it determines that the petition and any attached exhibits either fail to state a claim or are factually frivolous," and "[e]ven if the petition clears those hurdles, the district court still need not independently review the record so long as the petitioner does not dispute

that the facts reported in the state court opinions faithfully and accurately reflect the record." (citing Davis v. Franzen, 671 F.2d 1056, 1057 (7th Cir. 1982))); see also Barnett v. Roper, 541 F.3d 804, 807 (8th Cir. 2008) (district court may consider sua sponte the timeliness of a state prisoner's habeas petition (citing Day v. McDonough, 547 U.S. 188, 209 (2006))).

### B. 28 U.S.C. § 2244(d)

A petitioner has one year from the time a state court judgment becomes final to apply for a federal writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). A judgment is final, for these purposes, at the conclusion of all direct criminal appeals in the state system followed by either (1) the denial of certiorari or (2) the expiration of the time allotted for filing a petition for a writ of certiorari. Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). A petitioner has ninety days from the date of entry of judgment in a state court of last resort to petition the United States Supreme Court for a writ of certiorari. Sup. Ct. R. 13.

Mr. Rosales-Martinez filed an application for post-conviction relief, which was litigated to the Iowa Court of Appeals. The Iowa Court of Appeals denied his Application on

on December 11, 2011. See <u>Rosales-Martinez v. State</u>, 810 N.W.2d 26 (Table) (Iowa Ct. App. 2011). The Iowa Supreme Court denied further review on February 14, 2012, and procedendo issued on February 21, 2012. Thus, for the Court's purposes, the clock to file the Habeas Petition began running on February 21, 2012. Mr. Rosales-Martinez had one year (per 28 U.S.C. § 2244(d)(1)(A)) and ninety days (per the Supreme Court Rule) to file his Habeas Petition. Thus, according to the Court's calculations, he had until, approximately, May 21, 2013. Mr. Rosales-Martinez mailed his Petition on May 10, 2013, and it was filed on May 13, 2013. For purposes of Initial Review, it appears that Mr. Rosales-Martinez filed his application within the allotted time period.[1]

## C. Other Matters

As discussed above, in this type of case, the Court is to conduct an initial review and may dismiss the petition if it fails on its face. It appears to the Court that Mr. Rosales-

---

[1] In his Petition, Mr. Rosales-Martinez states he is beyond the one year statute of limitations, but argues his Petition should be allowed to proceed because he did not have an interpreter available to help him with the forms. For the reasons set out above, the Court is persuaded that the Petition is timely. However, the Court is aware that there will likely be a challenge to this finding as the case progresses, and Mr. Rosales-Martinez's appointed counsel is free to address the interpreter issue at that time.

4

Martinez's Petition has met the procedural requirements and should be allowed to proceed past the initial review stage.[2]

**III. MOTION TO APPOINT COUNSEL**

Mr. Rosales-Martinez has requested that counsel be appointed in this case. 28 U.S.C.A. § 2254(h) states:

> Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.[3]

The Court has considered this matter and is persuaded that the interest of justice requires that counsel be appointed in

---

[2] Mr. Rosales-Martinez's Petition makes mention of a second post-conviction case filed in state court. According to the Petition, that case was dismissed earlier this year. Mr. Rosales-Martinez claims that he did not appeal that decision because 1) his attorney refused to, and 2) he did not receive required paperwork. Appointed Counsel should explore this issue.

[3] 18 U.S.C.A. § 3006A(a)(2) states "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who...is seeking relief under section 2241, 2254, or 2255 of title 28."

this case. Once appointed, counsel shall filed an Amended Petition consistent with this Order.

**IV. CONCLUSION**

For the reasons set out above, Mr. Rosales-Martinez's Habeas Petition shall be allowed to proceed. The Clerk shall mail the Petition and a copy of this Order by certified mail to the Respondent as directed on the attached service forms. Additionally, Mr. Rosales-Martinez will be appointed counsel. Appointed counsel shall file an Amended Petition within 45 days of his/her appointment. All future pleadings shall be filed through appointed counsel.

**IT IS SO ORDERED** this 21st day of June, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

NOTICE OF LAWSUIT
and REQUEST FOR
WAIVER OF SERVICE OF SUMMONS

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **SANTOS ROSALES-MARTINEZ**, <br>     Petitioner, <br> v. <br> **NICK LUDWICK, Warden,** <br>     Respondent. | No. 13-CV-4044-DEO |

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the petition and a copy of the corresponding order from this Court are attached. This petition has been filed in the United States District Court for the Northern District of Iowa.

    Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and petition/complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint/petition and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: <u>June 21 2013</u>.

    I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the petitioner, this <u>June 21</u>, 2013.

                                                                     ROBERT L. PHELPS

                                                              Signature (Clerk's Office Official)
                                                                  Northern District of Iowa

                                                                /s/ des, Deputy Clerk

# ACKNOWLEDGMENT OF RECEIPT OF
# NOTICE OF LAWSUIT,
# and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after \_\_\_\_\_June 21, 2013\_\_\_\_\_, to the United States Clerk's Office in the envelope provided.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

**SANTOS ROSALES-MARTINEZ,**

    Petitioner,

v.

**NICK LUDWICK, Warden,**

    Respondents.

No. 13-CV-4044-DEO

_____

    I acknowledge receipt of the complaint/petition and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a respondent. I have received and/or read the complaint/petition accompanying this document.

    I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after _____, (the date Notice, Waiver and corresponding documents were sent or from the date of the filing of the Amended Complaint, whichever is later) .

Date _____    Signature _____
                            Printed name _____
                            As _____ of _____
                                  (Title)            (Entity)

**Address Form**

Case Number: 13-CV-4044-DEO        Date: June 21, 2013

To:  Clerk of Court
RE:  Service on Named Defendants

       Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:  **ALL Respondents**
**Attorney General**
**Hoover State Office Building**
**1305 E. Walnut Street-2nd Floor**
**Des Moines, Iowa 50319**

**Iowa State Penitentiary**
**Nick Ludwick, Warden**
**3 John Bennett Drive**
**Fort Madison, Iowa 52627**